UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOHE RODRIGUEZ, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-04-506 |
| | § | |
| BEEVILLE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|     Defendant | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff filed this lawsuit alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the United States Constitution. He alleges that his employer, the Beeville Independent School District ("BISD"), discriminated against him on the basis of age[1]. Plaintiff's Title VII claims based on age were dismissed on October 25, 2004 (D.E. 14). Defendant filed a motion for summary judgment on May 27, 2005 to which plaintiff did not respond (D.E. 24).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] In its motion for summary judgment, defendant notes that based on plaintiff's answers to deposition questions, he appeared to want to make out a Title VII retaliation claim (D.E. 24, p. 9). Plaintiff made no such claim in his original complaint. Attached as an exhibit to plaintiff's deposition was an unsigned copy of a "First Amended Original Complaint," (D.E. 24, Ex. H, att. 2), which contained a retaliation claim, but there is no record of the amended complaint having been filed in this case. Because plaintiff's live pleading does not contain a retaliation claim, it will not be addressed in this Memorandum and Recommendation. Should the district court desire an analysis of the issue, it will be filed later as a supplementary Memorandum and Recommendation.

**BACKGROUND**

The following facts are taken from the pleadings and exhibits on file and are construed in the light most favorable to plaintiff. Plaintiff was 55 years old when he applied for a position as BISD director of transportation (D.E. 1; Affidavit of Jim Miller, D.E. 24, Ex. A, p. 2). The notice for the job listing stated that applicants were required to have a commercial driver's license and be eligible for bus driver certification. BISD preferred that the applicants have experience with management of fleet vehicles and also a bachelor's degree (Miller Aff., D.E. 24, Ex. A, att. 5). Plaintiff was the only applicant who met all three criteria for the position. Nevertheless, plaintiff was not chosen for the position and BISD instead chose Ernest DelBosque who was 44 years old at the time the hiring decision was made (D.E. 1; Miller Aff., D.E. 24, Ex. A, p. 2). DelBosque had a commercial driver's license, and had been working as a bus driver for BISD, which had given him fleet operation experience, but he did not have a bachelor's degree (Miller Aff., D.E. 24, Ex. A, p. 3; Rodriguez Depo., D.E. 24, Ex. H, Att. 7). Plaintiff asserts that DelBosque provided false information on his job application regarding his experience with vehicle fleets (D.E. 1).

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and his right-to-sue letter was mailed on April 15, 2005 (Rodriguez Depo., D.E. 24, Ex. H, att. 2). Plaintiff filed his original complaint on August 27, 2004 (D.E. 1). In its motion for summary judgment, BISD argues that it had legitimate, non-discriminatory reasons for hiring Del Bosque instead of plaintiff and that plaintiff cannot show that the reasons given were a pretext for discrimination.

## APPLICABLE LAW

**A.  Summary Judgment Standard**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See FED.R.CIV.P. 56(c).  An issue is material if its resolution could affect the outcome of the action.  Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  The Court will not weigh the evidence or evaluate the credibility of witnesses.  Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  To sustain this burden, the nonmovant cannot rest on the mere allegations of the pleadings.  See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Caboni, 278 F.3d at 451; FED.R.CIV.P. 56(e).  After the nonmovant has been given

an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted.  Caboni, 278 F.3d at 451.

**B.  Age Discrimination in Employment Act**

"Under the ADEA, it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Machinchick v. PB Power, Inc., 398 F.3d 345, 349-50 (5th Cir. 2005)(citing 29 U.S.C. §623(a)(1)).  The analysis of an ADEA case was set out in Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) and represents a merging of the approaches used in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

To make out an ADEA case, the plaintiff must first demonstrate a prima facie case of discrimination and if he does so, the defendant must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff.  If the defendant meets its burden of production, the plaintiff must then offer sufficient evidence showing either (1) that the defendant's reason is not true, but is instead a pretext for discrimination, (the "pretext alternative,"), or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic, (the "mixed-motive(s) alternative").  "If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.  If the employer fails to carry this burden, plaintiff prevails.'" Id. (citing Mooney v. Aramco Serv. Co., 54 F.3d 1207, 1217 (5th Cir. 1995).

**1. Prima Facie Case**

In order to make out a prima facie case of discrimination on a failure to hire claim, a plaintiff must show (1) that he is a member of the protected class; (2) that he sought and was qualified for the position; (3) that he was rejected for the position; and (4) that the employer continued to seek or hired applicants with the plaintiff's qualifications. Dallas v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004). It is undisputed in this case that plaintiff was 55 years old and qualified for the position, he was not hired and the person hired for the position was approximately 10 years younger than he. Accordingly, he has made out a prima facie case of age discrimination.

**2. Legitimate, Non-Discriminatory Reason**

Defendant argues that the reason it hired DelBosque instead of plaintiff is that following the interviews for the position, DelBosque received overwhelming support from the hiring committee. BISD Superintendent Miller stated that DelBosque met the minimum requirements for the position and because he already worked as the BISD truancy officer, the school district was able to consolidate the positions and save money (Miller Aff., D.E. 24, Ex. A, pp. 2-3).

The other members of the hiring committee gave similar reasons for recommending DelBosque over plaintiff for the position. Doug Arnold, the BISD director of finance, said he recommended DelBosque for the position because he met the minimum requirements and also had experience managing a fleet of vehicles. In addition, hiring DelBosque allowed the district to consolidate the positions of truancy officer and transportation director. Arnold added that during his interview, DelBosque was confident and poised and demonstrated good communication skills and effective interpersonal skills. The other candidates interviewed, including plaintiff, did not

convey the same qualities (Arnold Aff., D.E. 24, Ex. D, pp. 1-2).  Lawrence Carranco, assistant principal at the BISD junior high school, stated that plaintiff was not confident during his interview and his responses were not assertive, while DelBosque displayed confidence and assertiveness and set out clear plans for the department (Carranco Aff., D.E. 24, Ex. E, p. 1).

Patrick Seals, BISD high school principal, said that he recommended DelBosque because he was well-spoken and confident (Seals Aff., D.E. 24, Ex. F, p. 1).  Martina Villarreal, assistant principal at the intermediate school, stated that she recommended both DelBosque and plaintiff because they both had the minimum qualifications and she thought they would both be good candidates for the position.  However, she did not disagree with the decision to hire DelBosque and she thought he had the personality and communication skills necessary for the position (Villarreal Aff., D.E. 24, Ex. G).

The statements of the hiring committee members regarding their reasons for preferring DelBosque over plaintiff set forth legitimate, non-discriminatory reasons for not choosing plaintiff for the position of transportation director.  Plaintiff bears the burden of showing either that the defendant's reasons are not true, or that the defendant's reasons, while true, are only some of the reasons for its conduct and another motivating factor is the plaintiff's protected characteristic.

### 3. Evidence of Pretext

Because plaintiff did not file a response to the motion for summary judgment, he has not offered any evidence that defendant's reason for not hiring him is a pretext for age discrimination.  At his deposition, plaintiff stated that it was only his opinion that he was not hired because of his age.  He assumed BISD hired a younger person because it thought he would be able to work at the job longer (Rodriguez Depo., D.E. 24, Ex. H, pp. 70-71).  He offered no other evidence, either

direct or circumstantial, of pretext. Accordingly, summary judgment should be entered for defendant on plaintiff's ADEA claim.

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that defendant's motion for summary judgment (D.E. 24) be GRANTED and plaintiff's cause of action be dismissed in its entirety.

Respectfully submitted this 29th day of June, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).